UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOREMOST INSURANCE COMPANY, | : |
| | : Civil Action No. 1:07-cv-7410 |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| HERCULES CHEMICAL COMPANY | : |
| | : AUGUST 17, 2007 |
| Defendants. | : |

## COMPLAINT

Plaintiff, Foremost Insurance Company ("Foremost"), for its complaint against defendant Hercules Chemical Company ("Hercules"), alleges as follows:

### Nature of this Action

1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

2.  In this action, Foremost seeks a declaration that it is no longer obligated under two primary liability insurance policies issued to Hercules to defend or indemnify Hercules in connection with numerous lawsuits against Hercules involving allegations of asbestos-related injury.

3.  Hercules has been receiving defense and indemnity coverage from Foremost in connection with the asbestos-related lawsuits.

4.  The two primary Foremost policies exhausted this year when over $2 million in indemnity payments had been made by Foremost to Hercules to resolve the underlying asbestos-relayed claims against Hercules.

5. Via letter dated July 12, 2007, Foremost informed Hercules that, based upon the exhaustion of the Foremost policies, Foremost would no longer contribute to underlying settlements and would withdraw from a 1990 "Funding Agreement for Asbestos Claims" and would cease paying any share of the underlying defense costs as of August 1, 2007.

6. Via letter dated July 12, 2007, Foremost returned, with full interest, $433,100.38 to Hercules. This amount reflected the $630,047 Hercules had sent to Foremost as Foremost's purported share of Hercules' settlements with excess insurers London and Highlands, along with the interest accrued since Foremost's receipt of the check, minus a setoff of $236,079 representing overpayment of indemnity payments. Foremost had determined that it had paid $236,079 in indemnity in excess of its $2 million in combined policy limits.

7. In the July 12, 2007 letter, Foremost informed Hercules that, as all primary insurance must exhaust (*i.e.,* "horizontal exhaustion") prior to excess insurance being implicated, Hercules was not entitled to allocate its excess coverage with Foremost's primary coverage, and Hercules' reimbursement of Foremost with funds from its settlements with excess insurers was improper. Hercules disagreed with this position, necessitating the present action.

8. Hercules has disputed the exhaustion of the Foremost policies by asserting that the $630,047 that Foremost had received in 2006 from Hercules, purportedly as reimbursement from funds that Hercules had obtained from two of its excess insurers, London and Highlands, resulted in the policies remaining unexhausted.

## Jurisdiction and Venue

9. Foremost is an insurance company organized under the laws of the State of Michigan with its principal place of business in Grand Rapids, Michigan.

10. Hercules is incorporated in the State of New York and has its principal place of business in New Jersey.

11. The amount in controversy exceeds $75,000 exclusive of costs and interest.

12. Jurisdiction in this Court is therefore proper under 28 U.S.C. § 1332(a)(1) in that plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.

13. Venue is proper in this Court under 28 U.S.C. § 1391(a) because the defendant resided in this judicial district at the time of contracting, and because a substantial part of the events or omissions giving rise to this action occurred in this judicial district in that the insurance policies at issue list the defendant's address as being within this judicial district, the policies were issued to the defendant in this judicial district, and other events involving the negotiation for, and cancellation of, the policies took place in this judicial district.

## The Subject Insurance Policies

14. Foremost issued two policies to Hercules. Policy No. GAL 672-7175504 had a policy period of March 24, 1975 to March 24, 1976, and Policy No. No. GAL 672-7197159 had a policy period of March 24, 1976 to March 24, 1977. Both policies had a per occurrence and aggregate limit of $1 million. Both policies contain a Deductible Liability Insurance endorsement providing for a $500 per claim deductible, with a $150,000 annual aggregate deductible.

**First Count**

15.  Foremost Policy No. GAL 672-7175504 has a $1 million limit of liability.

16.  Foremost has paid over $1 million in indemnity payments from Policy No. GAL 672-7175504 to Hercules to resolve underlying asbestos-relayed claims against Hercules.

17.  Foremost is entitled to a declaration that Policy No. GAL 672-7175504 has fully and properly exhausted its $1 million limit of liability.

**Second Count**

18.  Foremost Policy No. GAL 672-7197159 has a $1 million limit of liability.

19.  Foremost has paid over $1 million in indemnity payments from Policy No. GAL 672-7197159 to Hercules to resolve underlying asbestos-relayed claims against Hercules.

20.  Foremost is entitled to a declaration that Policy No. GAL 672-7197159 has fully and properly exhausted its $1 million limit of liability.

**Third Count**

21.  Foremost Policy Nos. GAL 672-7175504 and GAL 672-7197159 have fully and properly exhausted.

22.  Foremost is entitled to a declaration that Foremost is not obligated to defend or indemnify Hercules for any claims, including the underlying asbestos-related claims, under Policy No. GAL 672-7175504 and Policy No. GAL 672-7197159.

**Fourth Count**

23.  Hercules has attempted to block the exhaustion of Foremost Policy Nos. GAL 672-7175504 and GAL 672-7197159 by sending funds to Foremost that Hercules obtained from its excess insurers.  Foremost has returned these funds.

24.     Such an allocation of excess coverage with primary coverage is improper because of the difference between primary and excess coverage. Primary coverage may only be allocated with primary coverage, and the next layer excess coverage may only be allocated with the other excess coverage on that layer. Allocating excess coverage with primary coverage would violate the principle that excess coverage is not even implicated until all applicable primary insurance is exhausted.

25.     Foremost is entitled to a declaration that, because all primary insurance must exhaust (*i.e.,* "horizontal exhaustion") prior to excess insurance being implicated, Hercules is not entitled to allocate its excess coverage with Foremost's primary coverage, and Hercules' reimbursement of Foremost with funds from its settlements with excess insurers was improper and did not affect the exhaustion of the two Foremost policies at issue.

WHEREFORE, Foremost respectfully requests that the Court enter judgment in its favor and against the defendant:

(a) Declaring that Foremost Policy No. GAL 672-7175504 has fully and properly exhausted its $1 million limit of liability.

(b) Declaring that Foremost Policy No. GAL 672-7197159 has fully and properly exhausted its $1 million limit of liability.

(c) Declaring that Foremost is not obligated to defend or indemnify Hercules for any claims, including the underlying asbestos-related claims, under Policy No. GAL 672-7175504 and Policy No. GAL 672-7197159 because those policies have properly exhausted.

(d) Awarding Foremost its fees and costs in this action; and

(e) Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Richard C. Cavo, Esq. [RC5985]
LITCHFIELD CAVO LLP
40 Tower Lane
Avon, CT 06001
Phone: (860) 255-5577
Fax: (860) 255-5566