UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No. 07CV7410 (SAS)     11/8/07
FOREMOST INSURANCE COMPANY,

                                  Plaintiff,

                                                 **SCHEDULING ORDER**
        -against-                                       Conference Date: November 8, 2007

HERCULES CHEMICAL COMPANY,

                                  Defendant.
-----------------------------------------------------------------X

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on September 17, 2007 (The "Order"); and,

       WHEREAS, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

       (1)    Conference Date: November 8, 2007. Christopher A. McLaughlin and Richard Cavo of Litchfield Cavo, LLP, have entered appearances on behalf of the plaintiff, Foremost Insurance Company;

       (2)    In this action, Foremost seeks a declaration that it is no longer obligated under two primary liability insurance policies issued to Hercules to defend or indemnify Hercules in connection with numerous lawsuits against Hercules involving allegations of asbestos-related injury. Foremost asserts that the two primary Foremost policies exhausted earlier in 2007 when over $2 million in indemnify payments had been made by Foremost to Hercules to resolve the underlying asbestos-related claims against Hercules. Hercules disputes the exhaustion of the policies;

       (3)    Schedule:

              (a)    A Motion to Dismiss shall be served by defendant on or before November 30, 2007. Plaintiff shall have thirty (30) days to submit opposition and defendant will have fifteen (15) days to submit a reply.

              (b)    Foremost intends to depose at least the following individuals: 1) any expert witnesses designated by defendant; 2) a Fed. R. Civ. Proc. 30(b)(6) witness from excess insurer Fireman's Fund Insurance Company; 3) a Fed. R. Civ. Proc. 30(b)(6) witness from the defendant; 4) individuals identified on documents to be produced by the defendant with knowledge regarding the allocation by defendant to its various insurance carriers of defense costs and amounts to be indemnified; 5) Jay W. Fidler, Chairman of the Board of the

[handwritten margin note: Feby / MARCH / APRIL]

defendant in 2001, and signatory to the 1990 Funding Agreement for Asbestos Claims; and 6) Thomas J. Mikula, Esq., defendant's former coverage counsel, who negotiated with defendant's primary insurers the Addendum and Second Addendum to the 1990 Funding Agreement for Asbestos Claims.

Hercules intends to depose at least Hillard Morris from Foremost; a 30(b)(6) witness from Foremost and the four individuals designated by Foremost above. Both parties reserve the right to further depositions as discovery is conducted.

*[handwritten: Initial Disclosures by Dec. 7]*
*[handwritten: Doc Rev by Dec 21]*
*[handwritten: 9A(d) 25]*
*[handwritten: Resp. 9A]*

(c) The parties will produce documents, pursuant to the Initial Disclosures requirement, within thirty (30) days of the defendant's ~~answering~~ of the Complaint;

(d) Plaintiff's expert disclosures shall be exchanged within thirty (30) days of the completion of fact discovery. Defendant's expert disclosures shall be exchanged within thirty (30) days of plaintiff's expert disclosure. All expert's depositions will be completed within thirty (30) days of defendant's expert disclosure.

(e) All fact discovery shall be completed *[handwritten: by April 30, 2008]* ~~within eight (8) months of the defendant's answering of the Complaint;~~

(f) Summary Judgment Motions shall be submitted no later than thirty (30) days after depositions are completed. Opposition papers shall be submitted no later than thirty (30) days after the Motion papers are served and reply papers are due fifteen (15) days after the opposition.

(g) Plaintiff will supply its Pre-Trial Order matters to defendant within nine (9) months of the defendant's answering of the Complaint;

(h) The parties will submit a Pre-Trial Order in a form conforming with the Court's instructions, together with trial briefs, and proposed findings of fact and conclusions of law, within ten (100 months of the defendant's answering of the Complaint;

(i) The date for a final Pre-Trial Conference pursuant to Fed. R. Civ. P. 16(d) is *[handwritten: May 8 at 4:30]*

(4) No limitations on discovery, such as protective or confidentiality orders, shall apply except those contained in Local Rules;

(5) Counsel are not presently aware of any discovery disputes;

(6) Expert testimony would likely involve the issue of what constitutes the proper exhaustion of the limits of liability of an insurance policy; and involve a determination of the dollar amounts at issue;

(7) A one-week Court trial is presently anticipated;

(8) The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at this time, or when justice so requires.

| | |
|---|---|
| REED SMITH LLP | LITCHFIELD CAVO LLP |
| 435 Sixth Avenue | 420 Lexington Avenue, Suite 2104 |
| Pitsburgh, PA 15219 | New York, NY 10170 |
| (412) 288-3131 | (212) 434-0100 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Hercules Chemical Company* | *Foremost Insurance Company* |

SO ORDERED,

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

11/8/07